UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

ASSAVEDO & BROCATO, LTD.              *      CIVIL ACTION

versus                                *      NO. 06-8932

SCOTTSDALE INSURANCE COMPANY,         *      SECTION "F"
HARRY KELLEHER & CO., INC., and
BURNS & WILCOX OF LOUISIANA, INC.

                         ORDER AND REASONS

       Before the Court are two motions: the plaintiff's motion to remand and Burns & Wilcox's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the plaintiff's motion to remand is GRANTED.

                              Background

       Hurricane Katrina damaged Assavedo & Brocato, an oyster business in St. Bernard Parish.  A&B, through its agent, Harry Kelleher & Co., Inc., had purchased a commercial insurance policy from Scottsdale Insurance Company some time before the storm. Burns & Wilcox was a wholesale broker that operates as a general agent for Scottsdale and issued the policy to the Kelleher agency; Burns & Wilcox has no contact with Scottsdale customers.  A&B communicated with Kelleher to purchase and renew its policy. Scottsdale has denied coverage for A&B's losses.

       A&B filed a lawsuit in state court on August 25, 2006, naming Scottsdale, Kelleher, and Burns & Wilcox.  It asserts that

                                  1

Scottsdale denial of coverage was in bad faith and that it is entitled to payment for the value of the commercial policy, plus state law penalties.  A&B also asserts that Kelleher and Burns & Wilcox were negligent in procurement of its policy because they did not obtain additional insurance coverage as requested.  A&B submits evidence showing that it did not receive the renewal policy, which became effective on August 11, 2005, until Kelleher sent the policy to A&B six weeks after Hurricane Katrina (and two months after the policy became effective).  Thus, A&B says that it did not discover that Kelleher had not obtained the requested coverage until that time.

Burns & Wilcox has submitted evidence that it merely quotes and binds coverage and issues policies to designated retail producers on behalf of Scottsdale.  It does not communicate with policy applicants and does not receive any policy premiums directly from the applicant.  Indeed, A&B seems to concede this point, as it contends that it "expressly requested Kelleher to obtain additional coverage."  A&B says that the "face value of [the August 11, 2005] renewal policy was less than" the amount A&B had asked Kelleher to obtain.

The defendants removed the case to this Court on October 23, 2006, invoking this Court's original diversity jurisdiction.  They argue that the two local defendants, Burns & Wilcox and Kelleher, were improperly joined, that the Court should therefore

2

ignore their citizenship, and that, therefore, complete diversity exists between the parties.  A&B now moves to remand, claiming that the defendants have not met their burden to show that both Burns & Wilcox and Kelleher have been improperly joined.  Burns & Wilcox and Scottsdale oppose the plaintiff's motion to remand.  Burns & Wilcox has also filed a motion to dismiss the plaintiff's claims against it for failure to state a claim.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  The presence of a local defendant destroys diversity jurisdiction.  Here, there are two local defendants named in the suit:  Burns & Wilcox and Kelleher.

Because the defendants have failed to carry their heavy burden to show that their insurance agent, Kelleher, was improperly joined, the Court lacks subject matter jurisdiction and must remand the case.[1]

Most of A&B's allegations are directed at Scottsdale for "arbitrary and capricious" failure to pay damages under their commercial policy.  A&B contends that its agents, Burns & Wilcox and Kelleher failed to procure the insurance requested it requested and that A&B did not discover this failure until weeks after the storm, when Kelleher sent A&B its renewed policy.  As to the alleged improper joinder of Kelleher, the defendants contend that A&B obtained its requested coverage from Kelleher as evidenced by the policy.  But A&B disputes this fact, contending that Kelleher breached its fiduciary duty in failing to match the face value policy limits with its coverage request.  The defendants have failed to carry their burden to show that A&B has no possibility of recovery against Kelleher.  Thus, this Court lacks diversity jurisdiction because A&B and Kelleher share Louisiana citizenship.

---

[1] Most of the defendants' arguments focus on the improper joinder of Burns & Wilcox as wholesale broker; they say that Burns & Wilcox has no customer contact such that it could not have made misrepresentations to A&B.  However, because the defendants fail to convince the Court to disregard Kelleher's local status in the diversity calculus, the Court does not reach the improper joinder inquiry with regard to the other local defendant, Burns & Wilcox.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 34th Judicial District for the Parish of St. Bernard.[2]

New Orleans, Louisiana, January 29, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court lacks removal jurisdiction, it does not consider Burns & Wilcox's motion to dismiss.  And the plaintiff's request for attorney's fees and costs associated with its remand motion is DENIED.